FILED

2015 Sep-23  PM 04:00
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### MIDDLE DIVISION

| | | |
|---|---|---|
| **JOAQUIN LARA JR.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No.: 4:14-CV-8003-VEH** |
| | ) | **4:10-CR-484-VEH-JHE** |
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

---

## MEMORANDUM OPINION

Petitioner Joaquin Lara, Jr. a federal inmate proceeding *pro se,* has filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. Having carefully considered Petitioner's motion, the memoranda in support thereof, the memorandum in opposition, the reply, and the record, the undersigned finds that no evidentiary hearing is required, that this action is due to be dismissed, and that judgment is due to be entered in favor of Respondent, the United States of America, and against Petitioner, Joaquin Lara, Jr.

### I. FACTUAL AND PROCEDURAL BACKGROUND[1]

---

[1] All references to documents in this portion of the opinion are to documents filed in the related criminal case, 4:10-cr-484-VEH-RRA.

On December 29, 2010, Lara was indicted for: conspiracy to possess with intent to distribute and possess with intent to distribute 50 grams or more of methamphetamine in violation of 21 U.S.C. § 846 (Count 1); and distribution of a mixture and substance containing a detectable amount of methamphetamine on two separate occasions in violation of 21 U.S.C. § 841(a)(1) (Counts Two and Five).

Attorney Donald L. Colee, Jr. was appointed to represent Lara and represented him during the trial of this case and on direct appeal. The trial commenced on May 23, 2011. At the close of the Government's case, Lara, through counsel, moved for a judgment of acquittal. The court reserved ruling. Lara's counsel also moved for a mistrial. The mistrial motion was denied. On May 25, 2011, the jury found Lara guilty of all three counts against him (Counts 1, 2, and 5).

Following the trial, Attorney Colee filed a Motion for New Trial (doc. 73) and a renewed Motion for Judgment of Acquittal (doc. 74). The Government filed a combined response to both motions. (Doc. 88). The court denied both motions. (Doc. 102).

Attorney Colee filed objections to the presentence investigation report ("PSR"). (Docs.103 and 104). A sentencing hearing was conducted on October 12, 2011.

Attorney Colee objected to application of the enhancement under Section

3B1.1(c) of the sentencing guidelines. The Government argued that the enhancement was proper as Lara was a manager or supervisor of co-conspirators Omar Franco Perez and Hector Favian Tafolla regarding the delivery of drugs. The Government specifically referenced the trial testimony of Officer Acquaviva that, when the drug purchase with Tafolla was being set up, a man came on the telephone to cancel the deal. The Government argued that it was reasonable to infer that that man was Lara. Mr. Colee responded and pointed out that the voice was not identified as Lara's voice. The court sustained this objection and found that the Government had not shown, by a preponderance of the evidence, that Lara was a manager or supervisor.

Attorney Colee's other objection was not to the <u>existence</u> of the prior drug offenses set out in the Section 851 information, but rather that the <u>use</u> of such offenses to enhance Lara's sentence constituted "double jeopardy." As explained by Attorney Colee at the sentencing hearing, this objection was made before the court had denied Lara's post-trial motions, and would only properly be before the court if the court had granted Lara's motion for judgment of acquittal as to the conspiracy count (Count One). Because the court had denied Lara's post-trial motions, Attorney Colee agreed that the objection was not properly before the court at sentencing. Accordingly, the objection was preserved in the event that the jury verdict was over-turned on appeal. (Doc. 114, Sentencing Hearing Transcript, at p.

3

8, l. 24 - p. 10, l. 4).

The court then imposed the statutory mandatory minimum sentence of life as to Count One and a sentence of 120 months on Counts 2 and 5 separately, with each count -- 1, 2, and 5 -- to be served concurrently with the other. In addition, 10 years supervised release and a special assessment of $300 were imposed. (Doc. 114).

On October 13, 2011, Lara, through Attorney Colee, filed a written Notice of Appeal. (Doc. 109). In his direct appeal, Lara argued that the district court committed reversible error by admitting into evidence out-of-court statements made by three of his alleged co-conspirators, Karen Hernandez, Omar Perez, and Hector Tafolla. He contended that the statements were made during the course of, and in furtherance of, two smaller drug distribution conspiracies to which he was not a party, and, therefore, that the district court abused its discretion by admitting the statements pursuant to Federal Rule of Evidence 801(d)(2)(E). (*See* Doc. 118, Eleventh Circuit Opinion & Judgment).

On July 17, 2012, the Eleventh Circuit Court of Appeals affirmed Lara's conviction and sentence, and the mandate of the appellate court issued August 16, 2012. (*Id.*) That court found

> The district court did not clearly err in determining that the government had demonstrated, by a preponderance of the evidence, that an overarching single conspiracy existed between April 2010 and

4

> December 2010 for the purpose of distributing methamphetamine; that Lara was a party to the conspiracy at the time of Hernandez, Perez, and Tafolla's statements in June 2010, and that these statements were made during the course of and in furtherance of the conspiracy. Thus, the district court did not abuse its discretion by allowing the government to use these co-conspirators' statements at trial.

(Doc. 118 at 5) (internal citation omitted)(footnotes omitted). On February 25, 2013, the Supreme Court of the United States denied Lara's *pro se* petition for writ of certiorari. (*See* Doc. 120, Supreme Court Order).

On January 15, 2014, Lara filed the instant *pro se* motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. (Doc. 1 in 14-8003). In support of his request for habeas relief, Lara alleges several instances of ineffective assistance of Attorney Colee at trial and on appeal (*Id.*) The Government filed a Response in opposition to Lara's motion to vacate, set aside, or correct sentence, alleging that Lara's § 2255 motion is due to be denied because Lara failed to show how Attorney Colee's performance was constitutionally deficient. (Doc. 4 in 14-8003). On February 28, 2014, Lara filed a Reply in support of his motion. (Doc. 6 in 14-8003).

## II. APPLICABLE STANDARDS

Collateral review is not a substitute for direct appeal; thus, the grounds for collateral attack on final judgments pursuant to § 2255 are extremely limited. A

prisoner is entitled to relief under § 2255 if the court imposed a sentence that (1) violated the Constitution or laws of the United States, (2) exceeded its jurisdiction, (3) exceeded the maximum authorized by law or (4) is otherwise subject to collateral attack. 28 U.S.C. § 2255; *Thomas v. Crosby,* 371 F.3d 782, 811 (11th Cir.2004); *Hill v. United States,* 368 U.S. 424, 426–27, 82 S.Ct. 468, 7 L.Ed.2d 417 (1962)). "Relief under 28 U.S.C. § 2255 'is reserved for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised in direct appeal and would, if condoned, result in a complete miscarriage of justice.'" *Lynn v. United States,* 365 F.3d 1225, 1232 (11th Cir.2004) (citations omitted).

Further, absent an intervening change in controlling law, issues raised and considered on direct appeal cannot be relitigated through a Section 2255 petition. *See United States v. Nyhuis*, 211 F.3d 1340, 1343 (11th Cir.2000) ("Once a matter has been decided adversely to a defendant on direct appeal it cannot be re-litigated in a collateral attack under section 2255" (alteration, citation, and quotation marks omitted)).

A defendant can avoid a procedural bar only by establishing one of the two exceptions to the procedural default rule. Under the first exception, a defendant must show cause for not raising the claim of error on direct appeal *and* actual prejudice from the alleged error. Under the second exception, a court may allow a defendant to proceed with a § 2255 motion despite his

6

failure to show cause for procedural default if " 'a constitutional violation has probably resulted in the conviction of one who is actually innocent.' "

*Id*. at 1234-35 (internal citations omitted). A meritorious claim of ineffective assistance of counsel can constitute cause. *United States v. Nyhuis,* 211 F.3d at 1344.

To prevail under *Strickland* on a claim of ineffective assistance of trial counsel, a petitioner must show that (1) counsel's performance was so deficient that "counsel was not functioning as the 'counsel' guaranteed" by the Sixth Amendment and (2) that counsel's performance prejudiced the defense to the extent that the defendant was deprived of a fair, reliable trial. *Strickland v. Washington*, 466 U.S. 668 at 687, 104 S. Ct. 2052 at 2064 (1984). A court need not conduct this analysis in a particular sequence, and a court need not address both prongs if a petitioner fails to make a required showing on one of them. *Id*. at 697, 104 S. Ct. at 2069.

Establishing deficient performance requires the petitioner to demonstrate that "'counsel's representation fell below an objective standard of reasonableness.'" *Harrington v. Richter*, 562 U.S. 86, 104, 131 S. Ct. 770, 787 (2011) (quoting *Strickland*). A court applies a strong presumption that counsel's representation fell within the wide range of reasonable professional conduct. *Id*. To show prejudice, a petitioner "must demonstrate 'a reasonable probability that, but for counsel's

7

unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.'" *Id*. (quoting *Strickland*). Claims of ineffective assistance of appellate counsel are evaluated under the same *Strickland* standards. *Philmore v. McNeil*, 575 F.3d 1251, 1264 (11th Cir. 2009) (per curiam).

"Conclusory allegations of ineffective assistance are insufficient." *Wilson v. United States*, 962 F.2d 996, 997 (11th Cir.1992) (internal quotes omitted). In addition, "the failure to raise nonmeritorious issues does not constitute ineffective assistance" of counsel. *Bolender v. Singletary*, 16 F.3d 1547, 1573 (11th Cir.1994). Rather, an attorney's performance may be found ineffective in the constitutional sense only if "counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Strickland*, 466 U.S. at 686, 104 S.Ct. at 2064.

### III. ANALYSIS[2,3]

---

[2] All references to document numbers in this portion of the court's opinion are to the pending civil action, 4:14-cv-08003-VEH, unless otherwise noted. All references to page numbers are to the pagination assigned by the court's electronic filing system.

[3] As explained *supra*, absent an intervening change in controlling law, once a matter has been decided adversely to a defendant on direct appeal it cannot be re-litigated in a collateral attack under section 2255. Lara has not even identified, much less argued, any intervening change in controlling law regarding the issues decided by the Eleventh Circuit during his direct appeal, specifically: (1) that the Government had proven the existence of an overarching single conspiracy between April1 20l0 and December 2010 for the purpose of distributing methamphetamine; (2)

As noted *supra*, Lara filed a *pro se* motion to vacate, set aside, or correct sentence pursuant to § 2255 and supporting memorandum, on or about January 15, 2014. (Doc. 1). In his motion, he alleges that his counsel was constitutionally ineffective both at trial and on appeal. According to Lara, his counsel's constitutionally ineffective assistance entitles him to the relief afforded by 28 U.S.C. § 2255. He develops this allegation in multiple subparts.[4] In its Response (Doc. 4), the Government used the same paragraph numbers as Lara. The undersigned will do the same as to the issues raised by Lara and responded to by the Government.

Lara alleges:[5]

> 3) Trial counsel, Attorney Colee, did not investigate or explore possible defenses, nor did he consult with Petitioner about possible defenses. Attorney Colee did not file a motion for expert voice analyst. He did not interview informant witnesses. He failed to allege facts to establish a credible defense and standing at a suppression/motion in limine hearing. He failed to present rebuttal witnesses. He failed to ask proper questions on cross examination. He failed to object to the

---

that Lara was a party to the conspiracy at the time of the statements made by Hernandez, Perez, and Tafolla in June 2010, and (3) that these statements were made during the course of and in furtherance of the conspiracy and accordingly were admissible co-conspirators' statements.

[4] Lara also filed a reply to the Government's response. Doc. 6, filed February 28, 2014. The undersigned has considered and incorporated arguments made in Lara's reply into the paragraph numbering used in the initial motion and the Government's response to that motion.

[5] Paragraphs 1 and 2 as set out in Lara's brief (attached to his motion) are general statements that are more specifically addressed elsewhere in his pleadings and therefore are appropriately addressed later in this opinion when discussing those arguments. Further, many of Lara's allegations are repeated throughout the 48-page brief attached to his motion. The court has addressed each contention, but has attempted to do so only once.

*jury instructions on a single conspiracy rather than multiple conspiracies.*

(Doc. 1 at 27, 33).

Several of these complaints lack specificity and are simply generalized statements for which no support in fact or law is given. For instance, Lara identifies no exculpatory or otherwise helpful "facts" that Attorney Colee could have discovered, nor does he identify any "defenses" that Attorney Colee should have, but did not, explore, nor any rebuttal witnesses that he should have called.

Further, the allegations that Attorney Colee did not explore, or consult with Lara about, possible defenses is clearly rebutted by Attorney Colee's affidavit (doc. 4-1), attached to the Government's response. In that affidavit, Attorney Colee clearly lays out the defense strategy that was agreed upon by Attorney Colee and Lara. As Attorney Colee states, and a review of the court records confirms, Lara was charged in Count One with a general conspiracy with four other co-defendants. (Doc. 4-1 at 1). He was charged in Counts Two and Five with specific acts of distribution. (*Id*.). The distribution act charged in Count Two was recorded and Lara's voice could be heard on that recording. (*Id*.). Additionally, the purchaser of the drugs relating to Count Two was an informant who knew Lara. (*Id*.). That informant was going to testify about the events in Count Two. (*Id*.). Lara had two

prior serious drug offenses and therefore was facing enhancements under Section

851 that would result in a mandatory life sentence. (*Id.*) (*See also*, doc. 31 in

4:10-cr-00484-VEH-JHE, Information Relating to Previous Felony Drug

Convictions (alleging two prior felony drug convictions)). As stated by Attorney

Colee:

> In looking at all the evidence in the case[,] Lara and I decided that our
> best course of action was to acknowledge the acts in count two (2)[,]
> but argue that they were acts totally separate from the conspiracy
> allegations in count one (1). We also decided we would challenge all of
> the other evidence[,] including count five's allegations of a specific
> distribution that Lara made. This particular distribution was [video]
> recorded. However, Lara's voice did not appear on the recording [as to
> Count Five]. The only evidence that tied Lara to this [Count Five]
> transaction was from his co-defendant Jashua Deleon, who was a
> friend of his. If we were successful and he was only found guilty of
> count two (2)[,] he would not be facing the mandatory punishment of
> life imprisonment without parole. This was an agreed upon strategy and
> was quite frankly our only hope of avoiding the life without parole
> sentence.

(Doc. 4-1 at 1).

Lara does not say why a voice expert would help as to Count Two, and the

court can discern no reason, as an informant was going to testify that the recorded

distribution was by Lara to that very informant. Lara asserts that the distinctiveness

of his voice was never an issue at trial, and he is correct in that assertion. Because

the informant, who participated in the recorded drug transaction, testified that Lara

was speaking, there was no need to discuss Lara's voice. Attorney Colee's response points out both that fact and additionally states that any challenge to that informant's identification of Lara's voice would have been made more difficult (in Attorney Colee's professional judgment) because Lara's voice was distinctive. In light of these facts, Lara has failed to show why a voice expert would have helped him contest the charge against him in Count Two. Further, Lara's voice was not even on the video recording of the distribution charged at Count Five,[6] so there is no basis for Lara to claim that a voice expert was needed to help him contest that charge either.

Counsel is presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment. *See Strickland*, 466 U.S. at 690, 104 S.Ct. at 2066. This court will not second guess Attorney Colee's trial strategy and sees no possible harm from the failure to call a voice expert under the facts of this case.[7]

Similarly, counsel is not ineffective for failing to raise a non-meritorious objection. *Chandler v. Moore*, 240 F.3d 907, 917 (11th Cir. 2001). Failure to raise a

---

[6] There was no audible voice recording of this transaction.

[7] Additionally, the court would have to speculate that such an expert would say the voice on the recorded distribution was <u>not</u> Lara's.

meritless issue cannot prejudice a client. *United States v. Winfield*, 960 F.2d 970, 974 (11th Cir. 1992). Lara asserts that Attorney Colee was constitutionally ineffective for failing to challenge the authenticity of both of the tapes.[8] (Doc. 6 at 5-8). He specifically criticizes Attorney Colee's failure to "question Officer Abercrombie regarding the handling or authenticity of the recorded tape [of the April 30, 2010 transaction]. (*Id*. at 6). However, the informant participated in that the April 30, 2010 transaction[9] was the person who recorded it and she testified that the recording was accurate. (Trial transcript at 266, 291). She also testified that the "male voice ... heard on that recording" was Mr. Lara's. (*Id*. at 267). There is no requirement that another witness also authenticate the recording. That same informant participated in and recorded the June 1, 2010 transaction[10] and testified that that recording was accurate. (*Id*. at 271). One of the cooperating co-conspirators participated in and authenticated the November 30, 2010 meeting that was recorded.[11] (*Id*. at 367) He testified that, during that meeting, he, another co-conspirator, Lara, and a confidential informant set up the drug transaction that

---

[8] Lara relies on FED. R. EVID. 901.

[9] Government's trial exhibit 1.

[10] Government's trial exhibit 2.

[11] Government's trial exhibit 3.

13

occurred on December 1, 2010. (*Id*. at 376). The authenticity of each of the recordings was established by a witness with personal knowledge and an objection to any of them on that basis would have been fruitless. Therefore, failure to make such an objection was not ineffective assistance.

Lara's complaint that Attorney Colee failed to allege facts to establish a credible defense and standing at a suppression/motion in limine hearing simply makes no sense. No motions to suppress were filed and Lara has not identified any bases for such a motion to succeed. A motion in limine hearing does not require standing. Lara states that Attorney Colee should have moved to exclude the recordings under Rule 901 as not properly authenticated. However, for the reasons stated in the prior paragraph of this opinion, the court finds that the recordings were properly authenticated at trial. Thus, any such motion would have failed.

The court notes that Attorney Colee made several objections throughout the proceedings that multiple conspiracies --- rather than a single conspiracy — were at issue. He argued it when objecting to certain statements as hearsay. (Trial transcript, Vol. 1, p. 4, l. 5). He argued it during a lengthy pre-trial hearing on his motion in limine to keep out certain statements and evidence. (*Id*. at 59-67, 178-244). He renewed his objection and motion in limine and argued in support of multiple conspiracies at the end of the government's case. (*Id*. at 494, l.12-p. 498, l.3, p.

14

502-530). These objections and arguments are entirely consistent with Attorney

Colee's description of his agreed-upon-with-Lara trial strategy. While Lara asserts

that Attorney Colee was consitutionally ineffective because "[h]e failed to object to

the jury instructions on a single conspiracy rather than multiple conspiracies," the

court rejects this argument because Attorney Colee preserved for appeal the

argument that insufficient evidence was presented to show a single conspiracy —

rather than multiple conspiracies — existed. The Eleventh Circuit's decision on

Lara's direct appeal affirmed this court's determination that a single conspiracy was

shown at trial. Lara has failed to show that Attorney Colee's trial conduct was

ineffective for his failure, under these circumstances, to object to the court's jury

instructions.

Lara has pointed to no failure by Attorney Colee to exclude evidence that was

properly excludable.[12] The record also reflects that Mr. Collee's overall

performance during trial was entirely professional, thorough, and appropriately

aggressive. In addition, the record reflects that he was knowledgeable of the facts of

the case, made appropriate objections, and moved for judgment of acquittal at the

close of the Government's case-in-chief and renewed the motion for judgment of

---

[12] While Lara argues that "there was insufficient evidence connecting him to any
conspiracy as to Count One, Two, and Five" (doc. 6 at 10), the Eleventh Circuit decision on
Lara's direct appeal is to the contrary. This argument is procedurally barred.

acquittal at the close of all the evidence. Lara has failed to show that his counsel

was deficient in his performance on these grounds.

> *4-7) Counsel failed to consult with Lara as to the trial strategy [to concede guilt on Count Two and to argue innocence/insufficient evidence to convict as to Counts One and Five]. Petitioner claims that he was surprised when trial counsel admitted his guilt as to Count Two.* [13]

As stated above, Attorney Colee's affidavit establishes that this was part of

the trial strategy about which Attorney Colee consulted Lara and to which Lara

agreed. Lara contends that Attorney Colee 's "trial defense strategy was leading the

jury to believe that his client is innocent of the conspiracy, and then upon the closing

argument, concedes that his client []is guilty to Count Two (2), which contradicts

the defense he's been arguing throughout the trial." (Doc. 6 at 4). However, this is

exactly the defense strategy that Attorney Colee outlined to the court in his oral

motions seeking to exclude all drug transactions that occurred without his client

being present. Further, Attorney Colee did not change his strategy at the end. He

told the jury in his opening statement that Lara admitted that he had been involved

in one drug transaction, but that he was not part of the conspiracy for the quantity

that the Government was trying to hold him responsible for. (Trial Transcript at 255,

---

[13] Assertions in later paragraphs that simply duplicate issues already identified and addressed by the court earlier in this opinion are not repeated or addressed again.

16

258). Based on the legal standards by which counsel's performance must be judged,

Lara fails to establish that his attorney was ineffective. "Even if in retrospect the

strategy appears to have been wrong, the decision will be held ineffective only if it

was so patently unreasonable that no competent attorney would have chosen it."

*Adams v. Wainwright*, 709 F.2d 1443, 1446 (11th Cir. 1983) (quoting *Washington*

*v. Strickland*, 693 F.2d 1243, 1253-54 (5th Cir. Unit B 1982). Especially given the

overwhelming evidence of Lara's guilt as to Count Two, there is nothing in the

record to support the contention that this trial strategy was patently unreasonable,

nor is there anything to support the allegation that this decision prejudiced Lara such

that a different result would have been achieved if Attorney Colee had disputed

Lara's guilt as to Count Two. Moreover, even accepting Lara's version — that

Attorney Colee did not disclose this trial strategy to Lara before trial and that, if he

had, Lara "would have refused to accept counsel's course of defense" (doc. 6 at 5

and 18) — there is nothing to support the contentions that this trial strategy was

patently unreasonable, nor is there anything to support the allegation that this

decision prejudiced Lara such that a different result would have been achieved if

Attorney Colee had disputed Lara's guilt as to Count Two. Binding Eleventh Circuit

law forecloses Lara's argument that Attorney Colee's conceding his guilt as to

Count Two, even if the court rejects accepts Lara's contention that Attorney Colee

did not consult him before making such concession, was ineffective assistance of counsel. *United States v. Darden*, 708 F.3d 1225 (11th Cir. 2013) *cert. denied*, 133 S. Ct. 2871, 186 L. Ed. 2d 922 (2013), is directly on point. As in *Darden*, here, the evidence against Lara as to Count Two was overwhelming. Accordingly, this court concludes, as did the *Darden* court, that "[Attorney Colee] would reasonably find it strategically advantageous to concede guilt on [Count Two] to preserve credibility in defending against [Counts One and Five]." *Darden v. United States*, 708 F.3d at 1230. Further, "defense counsel's 'failure to consult and obtain consent in and of itself does not render [his] strategic decision [to concede guilt] presumptively prejudicial.'" *Darden v. United States*, 708 F.3d at 1233, quoting *United States v. Thomas*, 417 F.3d 1053 (9th Cir.2005), *cert. denied*, *Thomas v. United States*, 546 U.S. 1121, 126 S.Ct. 1095, 163 L.Ed.2d 909 (2006)(alterations in original).

Further, even though Attorney Colee set out this trial strategy <u>in his opening statement</u>, Lara never acted surprised or upset and never advised the undersigned that he did not want Attorney Colee to continue to represent him. Indeed, Attorney Colee represented Lara, without objection by Lara, <u>on appeal</u>.

*8) Trial counsel did not present a credible defense to Count V which relied on testimony from co-defendant, DeLeon.*

(Doc. 1 at 28).

18

Once again, the record does not support Lara's claims. Attorney Colee rigorously cross examined Mr. DeLeon. He specifically questioned DeLeon about the fact that Lara never came out of the bedroom during the drug transaction. (Trial transcript, Vol. 2, p. 413, l.8 and p. 414, l.7-p.415, l.5). Attorney Colee specifically questioned the case agent about lack of phone records for Lara's phone as it related to certain text messages that were sent to arrange a drug transaction. (*Id.* at 445-447). He pointed out DeLeon's cooperation agreement with the Government. He reiterated all of these points in his closing argument to the jury. Lara has failed to show that counsel was deficient in his performance.

> *9) Trial counsel did not object or file motions in limine to the co-conspirator's out of court statements. He did not object to the defective inaudible video that was shown to the jury.*

(Doc. 1 at 29).

In fact, Attorney Colee <u>did</u> object. The court has already discussed Attorney Colee's repeated objections to the co-conspirators' out-of-court statements,[14] and the court will not repeat that discussion here. More than one recording was played for the jury; the "inaudible video" related to Count Five. However, Lara does not

---

[14] *Supra*, p. 15.

19

state what objection should have been but was not made to that video.[15]

Accordingly, he has failed to carry his burden to show that his counsel was ineffective.

> *10) Trial counsel was ineffective when he did not challenge the two prior convictions that formed the basis of the Section 851 enhancement.*

(Doc. 1 at 29).

As discussed above at pages three and four of this opinion, although Attorney Colee did not object, at sentencing, to the <u>existence</u> of these two prior convictions, he did specifically object to the <u>use</u> of these convictions to enhance Lara's convictions, and this issue was preserved for appeal in the event that Lara's conviction was overturned on appeal. Lara's conviction and sentence were, however, affirmed on direct appeal. As Attorney Colee explains, "We were both well aware of Lara's prior felony convictions. Looking them over I saw no basis to object to their admissibility. There was no question regarding that." (Doc. 4-1 at 2).

At the sentencing hearing, Attorney Colee said there was no basis to contest that the convictions existed, but that he did object, on behalf of his client, to those convictions being used to enhance his client's sentence as improperly subjecting his

---

[15] If Lara is saying that Attorney Colee should have objected to authenticity, the court has already discussed in this opinion that all recordings were authenticated before being shown to the jury.

client to double jeopardy. Lara admits (doc. 1 at 29, 36) that, at the sentencing

hearing, the undersigned specifically advised him that if he wanted to object to these

two prior convictions, he had to do so at that hearing. Lara stated that he

understood. Lara did not deny the existence of these two prior convictions of him.

(Doc. 114 at 3-4).

Even now, Lara does not contest existence of these two convictions. Counsel

is not obligated to make frivolous arguments. Additionally, Lara has failed to show

that such an argument would have been successful.[16]

> *11 and 12) Trial counsel failed to argue the correct law in his post-trial*
> *motions and had a conflict of interest while representing the Petitioner on*
> *appeal.*

(Doc. 1 at 30).

The post-trial motions filed by counsel contradict this "failed to argue the

correct law" assertion. Moreover, Lara has failed to specify what "correct law"

---

[16] In his Motion for Reconsideration (doc. 3), to which the Government did not respond, Lara argues that the Supreme Court's decisions in *Alleyne* and *Descamps* are "newly discovered evidence" that warrant his sentence being vacated. However, neither of these cases overruled that Court's prior holding, in *Almendarez–Torres v. United States*, 523 U.S. 224, 247 (1998), that judicial factfinding regarding the existence of prior convictions does not violate the Sixth Amendment. *See also Apprendi v. New Jersey*, 530 U.S. 446, 490 (2000) ("Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." (emphasis added)). Significantly, the *Alleyne* Court flagged in a footnote that it was not overruling *Almendarez–Torres. See Alleyne v. United States*, 570 U.S. ——, 133 S.Ct. 2151 at 2160 n. 1, 186 L.Ed.2d 314 (2013) *see also United States v. Flowers*, 531 Fed. App'x 975, ——, 2013 WL 4046024, at *8–9 (11th Cir. Aug. 12, 2013).

should have been, but was not, argued. He has further failed to show that Attorney Colee had a conflict of interest at any stage of the proceedings, including on appeal.

Lara's multiple allegations of conflict of interest sometimes appear to relate to Attorney Colee's representation of Lara on appeal and imply that Attorney Colee's representation of Lara at trial caused him not to criticize, during that appeal, his own trial effectiveness. At other times, Lara's allegations appear to relate to Attorney Colee's trial tactics or his appellate arguments. None of these allegations are cognizable.

Initially, the court notes that the Eleventh Circuit does not recognize a *per se* violation of the right to effective assistance of counsel. *See Pegg v. United States*, 253 F.3d 1274, 1277 (11th Cir.2001) (declining to apply the Second Circuit's *per se* analysis, but instead using the actual conflict with an adverse effect analysis). Where an ineffective assistance claim is based on a conflict of interest, "a defendant must show first, that his attorney had an actual conflict of interest, and second, that the conflict adversely affected counsel's performance." *Pegg*, 253 F.3d at 1277 (emphasis omitted); *see also Mickens v. Taylor*, 535 U.S. 162, 172 n. 5, 122 S.Ct. 1237, 1244 n. 5, 152 L.Ed.2d 291 (2002) ("An 'actual conflict,' for Sixth Amendment purposes, is a conflict of interest that adversely affects counsel's performance."). "An 'actual conflict' of interest occurs when a lawyer has

'inconsistent interests.' " *Freund v. Butterworth*, 165 F.3d 839, 859 (11th Cir.1999) (en banc ) (citation omitted). The conflict cannot be merely possible, speculative, or hypothetical. *Reynolds v. Chapman*, 253 F.3d 1337, 1342 (11th Cir.2001).

To distinguish between actual and possible conflicts of interest, the Eleventh Circuit has stated "[we] will not find an actual conflict of interest unless [the defendant] can point to specific instances in the record to suggest an actual conflict or impairment of [his] interests." *Id*. at 1343. The defendant "must make a factual showing of inconsistent interests and must demonstrate that the attorney made a choice between possible alternative causes of action, such as eliciting (or failing to elicit) evidence helpful to one client but harmful to [himself]. If he did not make such a choice, the conflict remain(s) hypothetical." *Id*. (citation omitted) (omission in original). "To prove adverse effect, a defendant needs to demonstrate: (a) that the defense attorney could have pursued a plausible alternative strategy, (b) that this alternative strategy was reasonable, and (c) that the alternative strategy was not followed because it conflicted with the attorney's external loyalties." *Id*.

Lara has not even alleged that Attorney Colee had an actual conflict of interest that adversely effected his representation of Lara. Thus, Lara was not denied effective assistance of counsel.

To the extent that Lara argues that Attorney Colee's trial representation was

23

constitutionally ineffective, and that he had a conflict of interest in that he had a duty to raise his own ineffectiveness on appeal, this argument is foreclosed. "An ineffective assistance of counsel claim is properly raised in a collateral attack on the conviction under 28 U.S.C. § 2255." *United States v. Butler*, 41 F.3d 1435, 1437 n. 1 (11th Cir.1995). Ineffective assistance of counsel claims need not be raised on direct appeal, as the Supreme Court has held that "an ineffective-assistance-of-counsel claim may be brought in a collateral proceeding under § 2255, whether or not the petitioner could have raised the claim on direct appeal." *Massaro v. United States*, 538 U.S. 500, 504, 123 S.Ct. 1690, 1694, 155 L.Ed.2d 714 (2003). Thus, Lara cannot have suffered any prejudice through Attorney Colee's failure to assert his own ineffectiveness on direct appeal because an ineffective-assistance-of-counsel claim may be brought in a collateral proceeding under § 2255, regardless of whether it was raised on direct appeal.

> *13-17) Each of these claims assert that "counsel failed to…present a colorable claim that the District Court abused its discretion…".*

(Doc. 1 at 30-31).

To the extent that these paragraphs do not make arguments that duplicate claims previously discussed, this appears to be an objection to the undersigned's rulings on evidence during the trial. The Eleventh Circuit has affirmed those rulings

and thus they cannot be raised here. Additionally, to the extent that Lara is arguing that Attorney Colee inadequately represented him on appeal, Lara has failed to explain in what manner the undersigned abused its discretion and why Attorney Colee's appellate representation was inadequate.

> *18) Counsel failed to present a credible defense when attacking the Government's connection between the text messages and Petitioner.*

(Doc. 1 at 31).

This is simply inaccurate. As discussed *supra* at page 19, Attorney Colee specifically questioned the case agent about lack of phone records for Lara's phone as it related to certain text messages that were sent to arrange a drug transaction. If Lara wanted Attorney Colee to present some <u>other</u> "defense when attacking the Government's connection between the text messages and [Lara]," he has failed to specify what that other defense should have been.

> *19) Counsel argued the incorrect legal authority when making his motion for judgment of acquittal.*

(Doc. 1 at 31).

This is, again, simply inaccurate. Attorney Colee's argument comported with the standard applicable to a motion for judgment of acquittal.

> *20) Petitioner claims that counsel was ineffective, because he did not let Petitioner review the appeal briefs.*

25

(Doc. 1 at 31).

Even assuming that Lara requested that he be allowed to review the appeal briefs and that Attorney Colee denied that request, Lara has not stated why such denial had any impact on the outcome of his appeal, nor has he cited any authority for the proposition that such denial falls below the standard for constitutionally effective counsel (and the undersigned has been unable to locate any such authority).

> *21) Petitioner alleges that he was left in "the dark" and this created a conflict of interest.*

(Doc. 1 at 32).

As stated previously, Attorney Colee's affidavit shows that he met with Lara several times in preparation for trial. If he is alleging he was left in "the dark" <u>on appeal</u>, he has failed to state what difference more participation by him would have had on the outcome of that appeal. Finally, as explained above, this allegation, even if established, without more simply fails to arise to the level of a conflict of interest.

> *23) Petitioner believes that trial counsel was ineffective because he did not file a written objection to hearsay and instead made the objection orally on the morning of trial.*

(Doc. 1 at 33).

This argument is procedurally foreclosed by the Eleventh Circuit's

determination of Lara's direct appeal. Additionally, it is without merit. Because the undersigned did not err in admitting the co-conspirator statements, any failure to argue about those statements in writing rather than orally could not possibly have effected the outcome of the trial. Finally, the undersigned finds that a decision to make a timely oral objection to the admission of evidence at trial rather than a pretrial written objection falls squarely within the ambit of reasonable trial tactics. Attorney Colee's objection was timely made, fully developed, and received the full consideration of the undersigned before the objections were overruled.

> *25) Trial counsel failed to argue that Petitioner was not involved in Count Three.*

(Doc. 1 at 34).

Again, this is inaccurate. Attorney Colee made those arguments to the jury.

(Trial transcript at p. 562, ll.13-21, and p. 567, ll.5-12).

> *29) Counsel was ineffective, because he did not cross examine the chemists from the state toxicology lab about their failure to test for purity of the methamphetamine.*

(Doc. 1 at 35).

The decision to cross examine a witness and the manner in which it is conducted are tactical decisions "well within the discretion of a defense attorney." *Fugate v. Head,* 261 F.3d 1206, 1219 (11th Cir. 2001) (quoting *Messer v. Kemp,*

760 F.2d 1080, 1090 (11th Cir. 1985)). Trial counsel is not ineffective for simply

failing to elicit other testimony from those that testified. *Id.* at 1220. In order to

establish prejudice, a petitioner must show at least one "specific instance where

cross examination arguably could have affected the outcome…of the trial." *Id.* (*See*

*also, Aldrich v. Wainwright,* 777 F.2d 630, 636-37 (11th Cir. 1985) (a defendant's

conclusory allegations regarding the testimony of uncalled witnesses are insufficient

to state a claim of ineffective assistance of counsel)).

Two chemists from the State of Alabama Forensics Laboratory testified about

the methamphetamine they tested. They both testified that their testing did <u>not</u>

include a test for purity. (Trial transcript, Vol. III, p. 483, l.10 and p. 491, l.21-

25). Because the failure to test for purity was established on direct, there was no

need for Attorney Colee to establish it again on cross-examination. Merely getting

these witnesses to repeat their prior testimony would have made no difference, and

would certainly not have changed the outcome of the proceedings.

> *34) Petitioner alleges that had he been told of trial counsel's decision to concede his guilt to Count Two, then he would have pursued plea negotiations with the government.*

As set out above, Attorney Colee's affidavit establishes that conceding guilt

as to Count Two (which would be proven both by a recording on which Lara could

be heard speaking and by the testimony of the informant who purchased the drugs)

and aggressively disputing Counts One and Five was the agreed-upon trial strategy. Moreover, Lara did not ever act surprised or upset when Attorney Colee told the jury that Lara was guilty of Count Two. Finally, Lara fails to state how this would have changed the outcome. The only way that he would not have received a life sentence is if Count One had been dismissed or if he had cooperated and received a downward departure based on substantial assistance. There is no evidence that either of these things would have happened if Lara had negotiated a plea with the Government.

Attorney Colee states, "I discussed with Lara the possibilities of cooperating but he was adamant against that for various reasons." (Doc. 4-1, p. 1). Lara has failed to show that Attorney Colee's trial strategy fell below the standard, and additionally has failed to show how he was prejudiced by that strategy.

## IV. No Hearing Is Needed

A court must order a hearing to determine the issues and findings of fact "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief...." 28 U.S.C. § 2255(b). Lara "is entitled to an evidentiary hearing on [his] claim of ineffective assistance [of counsel] if [he] alleges facts which, if proven, would entitle [him] to relief." *Ramirez v. United States*, 260 Fed. Appx. 185, 187 (11th Cir.2007) (unpublished). "A district court,

however, need not conduct an evidentiary hearing if it can be conclusively determined from the record that there was no denial of effective assistance of counsel." (*Id.*)

Simply stated, the undersigned is not convinced that an evidentiary hearing would either further the interests of justice or comport with the considerations of judicial economy. Indeed, no evidentiary hearing is required where, as here, a petitioner's claim is "affirmatively contradicted by the record," is otherwise capable of resolution based on the existing record, or is "patently frivolous" for some other reason. *See Aron v. United States,* 291 F.3d 708, 715 (11th Cir.2002); *Schultz v. Wainwright,* 701 F.2d 900, 901 (11th Cir.1983). Here, it is clear that Lara's contentions are unsupported by the record or without merit. "[M]erely conclusory allegations unsupported by specifics or contentions that in the face of the record are wholly incredible" do not beget an entitlement to an evidentiary hearing. *Tejada v. Dugger,* 941 F.2d 1551, 1559 (11th Cir.1991) (internal citations omitted); *see also Lynn v. United States,* 365 F.3d at 1239. As such, there is no need for an evidentiary hearing to be held in this case.

## V. CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11(a) of the Rules Governing § 2255 Proceedings, the undersigned finds that no certificate of appealability ("COA") in this case should be

granted. 28 U.S.C. foll. § 2255, Rule 11(a) ("The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."). The habeas corpus statute makes clear that an applicant is entitled to appeal a district court's denial of his habeas corpus petition only where a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1). A certificate of appealability may issue only where "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where, as here, a habeas petition is being denied on the merits of an underlying constitutional claim, a COA should issue only when the petitioner demonstrates "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel,* 529 U.S. 473, 484, 120 S.Ct. 1595, 1604, 146 L.Ed.2d 542 (2000); *see also id.* at 483–84, 120 S.Ct. at 1603–1604 ("To obtain a COA under § 2253(c), a habeas prisoner must make a substantial showing of the denial of a constitutional right, a demonstration that, under *Barefoot,* includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were ' "adequate to deserve encouragement to proceed further." ' "); *see Miller-El v. Cockrell,* 537 U.S. 322, 336, 123 S.Ct. 1029, 1039, 154 L.Ed.2d 931 (2003) ("Under the controlling standard, a petitioner must 'sho[w] that reasonable jurists could debate whether (or, for that matter, agree that) the petition

31

should have been resolved in a different manner or that the issues presented were "adequate to deserve encouragement to proceed further." ' "). With respect to Lara's assertions of ineffective assistance of counsel, reasonable jurists could not debate whether his § 2255 motion to vacate should be resolved in a different manner or that the Sixth Amendment issues presented are adequate to deserve encouragement to proceed further. Similarly, no reasonable jurist could find that *Alleyne* or *Descamps* overruled *Almendarez-Torres*. Accordingly, Lara is not entitled to a certificate of appealability, and any motion for leave to appeal in forma pauperis is likewise due to be denied.

## VI. CONCLUSION

Based on the foregoing reasons, the undersigned is of the opinion that Lara's rights were not violated in this cause. Accordingly, by separate order his request to vacate, set aside or correct his sentence will be denied, without an evidentiary hearing, his motion to reconsider will be denied, this action will be dismissed, and judgment will be entered in favor of Respondent, the United States of America, and against Petitioner Joaquin Lara, Jr. Further, the undersigned is of the opinion that Petitioner is not entitled to issuance of a Certificate of Appealability and that any motion for leave to appeal in forma pauperis will likewise be denied.

**DONE** this the 23rd day of September, 2015.

VIRGINIA EMERSON HOPKINS
United States District Judge